UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMIE HARDESTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-60 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| LITTON'S MARKET AND RESTAURANT, INC.,) | |
| And BARRY N. LITTON, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law [Doc. 13]. For the reasons stated herein, the Motion to Conditionally Certify will be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

On February 6, 2012, the Plaintiff filed her Complaint [Doc. 1], alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Tennessee Wage Regulation Act, Tenn. Code. Ann. §§ 50-1-101, *et seq.* The Plaintiff alleges that she was employed as a server by the Defendants from October 2009 through November 2011. [Doc. 1 at ¶ 27]. Plaintiff alleges that she was tipped by customers and was required to contribute 1-2% of such tips to a tip pool that was distributed to "non-tipped employees, such as dishwashers, cashiers and/or managers." [Id. at ¶¶ 31-33]. Plaintiff alleges that this was improper tip

retention, which would preclude the Defendants from paying a modified minimum wage to their tipped workers. [Id. at ¶¶ 33-36]. Plaintiff proposes a collective action to be brought on behalf of persons who performed similar server duties for the Defendants and were subject to the allegedly illegal tip-sharing policy despite being paid the 'tipped' minimum wage. [Id. at ¶¶ 39-41].

On March 6, 2012, the Defendants filed an answer denying liability, [Doc. 8], and on May 3, 2012, the Court entered a Scheduling Order setting this matter for trial on May 6, 2013, [Doc. 10]. The instant motion was filed August 6, 2012, [Doc. 13], and the Defendants responded in opposition on August 30, 2012, [Doc. 18]. The Plaintiff made a final reply in support of her position on September 7, 2012, [Doc. 19]. The Defendants filed a Motion for Summary Judgment on September 11, 2012, [Doc. 20].

The parties appeared before the undersigned to present oral arguments on the Motion for Conditional Certification on September 20, 2012. Attorney Andrew Frisch was present representing the Plaintiff, and Attorneys Richard Kreig and Joseph Ballard were present representing the Defendants.

## II. POSITIONS OF THE PARTIES

Plaintiff moves the Court to: (1) conditionally certify this case as a collective action, (2) order the Defendants to produce a list of potential members of the collective action, (3) allow court-supervised notice to be mailed to those persons, and (4) direct that notice of the suit be posted at Defendants' restaurant. [Doc. 13 at 13-16]. The Plaintiff proposes that the collective action be brought on behalf of a limited class of "servers," who were not paid at least minimum wages by the Defendants, because they were forced to share their tips with employees who do

not customarily and regularly receive tips. [Doc. 13 at 1]. The Plaintiff submits that notice should be given to all individuals who were employed by the Defendants during the three-year period preceding the Court's ruling on this motion. [Doc. 13 at 14].

The Plaintiff submits that she has met her modest burden of showing similarity at the first phase of an FLSA collective action by demonstrating that the proposed class of servers performed nearly identical job duties and were subjected to the same illegal pay practice. She has submitted two affidavits describing the job duties and tip policy. [Docs. 13-3, 13-4].

Defendant responds that ruling on the Plaintiff's motion should be delayed until the Defendants have "been afforded the opportunity to present a dispositive motion regarding the futility of the claims asserted in Plaintiff's Complaint." [Doc. 18 at 1]. Defendants maintain that they only distributed tips to eligible employees, and therefore, Plaintiff's claims should be summarily dismissed. [Doc. 18 at 4]. The Defendants state that they "fully anticipate that all claims asserted against them will be summarily dismissed," and they argue that the Court should, therefore, not authorize the issuance of a collective action notice. [Id.]

Defendants cite the Court to Burdine v. Covidien, Inc., No. 1:10-CV-194, 2011 WL 2976929 (E.D. Tenn. June 22, 2012). In Burdine, Magistrate Judge Susan Lee of the Eastern District of Tennessee noted that "where the parties file dispositive motions alongside a motion for conditional certification, the court may address those issues in either order." Id. at *4.

Alternatively, the Defendants argue that if the Court decides notice of the collective action should be given, the notice proposed by the Plaintiff should be modified to be more neutral. Defendants present the following suggestions:

> 1. Correct typographical error on first page of proposed notice (suit was filed February 6, 2012, not June 1, 2012);

2. Allegations of "tip pooling" be replaced with the term "tip sharing";

3. The caption resembling the caption used by the United States District Court for the Eastern District of Tennessee be removed;

4. A detailed description of the Defendants' opposition to the suit be added;

5. Defense counsel's contact information be included;

6. The opt-in period be reduced to forty-five (45) days;

7. A warning that opt-in plaintiffs may be responsible for paying costs incurred in the litigation be added; and

8. A warning that the instant suit does not toll the statute of limitations be added.

[Doc. 18 at 6-8]. The Defendants have submitted alternative proposed notice and opt-in forms [Docs. 18-2, 18-3].

Plaintiff replies that the sole issue before the Court is whether the Plaintiff has demonstrated that she is similarly situated to the putative class of servers she seeks to represent. [Doc. 19 at 1]. The Plaintiff maintains that the Defendants have done little to dispute the similarity between her and the other servers. [Id.]. Plaintiff argues that other courts have conditionally certified collective actions based on similar allegations of unlawful tip practices. [Doc. 19 at 4]. Plaintiff contends that Defendants' merits-based arguments are premature at this stage. [Doc. 19 at 5-6].

In regard to the proposed changes to the notice's form, the Plaintiff argues that the changes proposed by the Defendants will undermine the remedial purposes of the FLSA collective action. [Doc. 19 at 6]. Specifically, she maintains that: courts have routinely held that including a caption is basic identifying information; the inclusion of Defendants' detailed

4

position would make the notice confusing;[1] and a warning about the costs of litigation should not be included because it may act as a deterrent. Plaintiff submits that many courts have found that the inclusion of defense counsel's information on a notice is improper. [Doc. 19 at 8-9]. Finally, the Plaintiff argues that the opt-in period should be ninety (90) days, or the Court should at least split the difference between forty-five (45) and ninety (90) days, see Miller v. Jackson, 2011 WL 2197694 (M.D. Tenn. June 6, 2011) (Trauger, J.).

**III. ANALYSIS**

The FLSA directs that an employee or employees may bring an action "against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

A plaintiff alleging a FLSA violation can bring a collective action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the

---

[1] Plaintiff did not object to the inclusion of a short statement that Defendants contest the allegations of the suit, [Doc. 19 at 7-8], and counsel for the Plaintiff admitted that such a statement had been inadvertently omitted from the notice proposed by the Plaintiff.

5

action." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. See id.

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Hoffmann-La Roche, 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. See Comer, 454 F.3d at 547.

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. See Comer, 454 F.3d at 547. Nonetheless, "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs," O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009).

While the required level of proof is lenient at the first stage, the court should exercise caution in granting conditional certification, because the Court of Appeals for the Sixth Circuit has held "that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable." See Albright v. Gen. Die Casters, Inc., 2010 WL 6121689, at *1 (N.D. Ohio 2010) (quoting Comer, 454 F.3d at 549). The court and the parties should be

mindful, however, that certification at this first stage is "by no means final." Id. at 546 (citation omitted).

### A. Conditional Certification of a Collective Action

In this case, the Court finds that the Plaintiff has made a showing sufficient to demonstrate that she and the proposed class of servers were victims of a common policy or plan that allegedly violated the law. It is undisputed that the Plaintiff worked for the Defendants from approximately October 2009 to November 2011. [Doc. 1 at ¶ 27; Doc. 4 at 8; Doc. 13-3 at ¶ 5]. It is also undisputed that the Defendants "required [P]laintiff and most of their other tipped employees to contribute up to 2% of their tips of their gross sales for a 'tip pool'." [Doc. 8 at 4].

The Plaintiff has submitted an affidavit in which she attests that servers, who were primarily charged with serving food and drinks, were paid the 'tipped' minimum wage of $2.13 per hour rather than the regular minimum wage. [Doc. 13-3 at ¶ 8]. Plaintiff states that the Defendants retained 1-2% of the servers' tips, and this money was then distributed to employees who do not regularly earn tips. [Doc. 13-3 at ¶¶ 11-13]. The Plaintiff has filed a second affidavit from Tolson Vaughn, who was employed by the Defendants from 2007 to 2010, attesting to the same. [Doc. 13-4].

The affidavit submitted by Defendant Barry Litton does not dispute the Plaintiff's description of the similar duties performed by servers, nor does it dispute Plaintiff's assertion that all servers were subjected to a tip-pooling policy. Instead, the Litton Affidavit states that there were approximately seventy-five persons who worked as servers during the relevant period, whose duties involved "serving customers." [Doc. 18-1 at ¶¶ 2-3]. The Litton Affidavit does not contest that a common policy existed. It notes only that no server was "required to contribute more than two percent (2%) of their sales to the tip pool." [Doc. 18-1 at ¶ 6].

7

The Defendants dispute the scope of the policy and the persons to whom the tip pool was later distributed. The Court is not charged, at this stage, with resolving who received distributions from the tip pool. This issue is at the center of this case and will ultimately be resolved by the District Judge or a jury. The Court is instead charged with determining whether the Plaintiff has made a modest showing that the servers were subjected to a common policy that allegedly violated the law. The Plaintiff has produced sworn statements that make a modest showing of a common policy that allegedly violated the law. Accordingly, the undersigned finds that she has met her burden for conditional certification at the first stage of this FLSA action.

The Court finds that the Defendant's request for delaying this certification is not well-taken. The Defendants cite the Court to Burdine v. Covidien, Inc., No. 1:10-CV-194 (June 22, 2012). As noted above, Judge Lee stated in Burdine that "where the parties file dispositive motions alongside a motion for conditional certification, the court may address those issues in either order." Id. at *4. Judge Lee found that the dispositive motions in Burdine were not fully briefed and the issue addressed in the dispositive motions was not clear-cut. Id. Judge Lee concluded, therefore, that "the better approach in this case asks only whether the named Plaintiffs are similarly situated to the potential plaintiffs." Id.

The Court finds that there is no basis for delaying the certification decision, because the only inquiry before the Court is whether the proposed class of plaintiffs are similarly situated. See Swigart v. Fifth Third Bank, 276 F.R.D. 210, 214 (S.D. Ohio 2011)("At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues."); Creely v. HCR Manorcare, Inc., 789 F. Supp. 2d 819 (N.D. Ohio 2011) ("[S]imilarly situated . . . does not touch upon the merits of plaintiffs' claims."); Jimenez v. Lakeside Pic–N–Pac, LLC,

No. 1:06–CV–456, 2007 WL 4454295 (W.D. Mich. Dec. 14, 2007) ("It is not the role of the Court at this stage of the proceedings to decide the case on the merits.").

The issue before the Court does not require the Court to weigh the merits of the matter at this early stage. Therefore, the Court need not wait for a decision on the dispositive motion. The Defendants have failed to demonstrate any good cause for delaying a decision on the request for certification, and the case law on the issue favors making the certification decision at this time, see Burdine, 2011 WL 2976929; see also Lacy v. Reddy Elec. Co., No. 3:11-CV-52, 2011 WL 6149842 (S.D. Ohio 2011) (declining to deny certification where defendants maintained that wage claims lacked merit).

The Court finds that the declarations submitted by the Plaintiff and the allegations contained in the Complaint are sufficient to show that the proposed class of servers are similarly situated for purposes of conditional certification. The undersigned **RECOMMENDS** that the Plaintiff's request that a class be conditionally certified be **GRANTED**. Following the completion of discovery and the expiration of the opt-in period, the Defendants may move the Court to de-certify the class if it appears that the potential plaintiffs are not similarly situated based upon the facts revealed through discovery.

**B.      Language and Form of the Notice and the Opt-In Form**

The Court has considered the proposals, critiques, and suggestions of each of the parties with regard to the language to be issued in the collective action notice and the opt-in form.

The proposed notice [Doc. 13-1], shall be modified as follows:

1. The heading for the notice shall appear as follows:

October ___, 2012

**<u>NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN</u>**

AUTHORIZED BY JUDGE THOMAS A. VARLAN
OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

**TO:** All tipped employees who worked for Litton's Market and Restaurant, Inc., and Barry Litton within the last three years for at least some hours worked in one or more workweeks.

**RE:** A collective action lawsuit brought against Litton's Market and Restaurant, Inc., and Barry N. Litton, pursuant to the Fair Labor Standards Act, for alleged improper compensation.

2. The Plaintiff shall add and appropriately label the contact information for counsel for the Defendants directly below the contact information for Plaintiff's counsel.

3. The Plaintiff shall add the following statement to ¶ 2 of p. 2 of the proposed notice: "The Defendants deny that they have violated any law, and they deny that they are liable to the Plaintiff in any amount."

4. The time for returning the notice shall be shortened to sixty (60) days, ¶ 1 on p. 3 and ¶ 1 on p. 4.

5. The Plaintiff shall add the following statement to ¶ 3 on p. 3: "Costs expended by Plaintiff's counsel on your behalf will be deducted from your remaining recovery."

6. The statement that "The lawsuit was filed on June 1, 2010 . . . .", ¶ 2 on p. 1, shall be corrected to state "The lawsuit was filed on February 6, 2012."

The proposed opt-in form [Doc. 13-2] shall be modified to use the heading provided in item one above. Its body and substance are otherwise approved.

10

### C. Delivery of Notice

Finally, Plaintiff requests that notice of this suit be posted in Defendant's place of business, in addition to its being mailed to the persons who are potential plaintiffs in this case. The Court finds that the Plaintiff has failed to demonstrate good cause for requiring the Defendants to post notice in their place of business, and the undersigned **RECOMMENDS** that this request be **DENIED**.

## IV. CONCLUSION

In sum, the undersigned **RECOMMENDS**[2] that the Motion to Conditionally Certify Collective Action **[Doc. 13]** be **GRANTED IN PART** and **DENIED IN PART**, to the extent stated above.

If this Report and Recommendation is adopted either in whole or part, the undersigned **RECOMMENDS** that the Defendants be afforded **five (5) days** to provide the counsel for the Plaintiff the names and addresses of the persons who are potential plaintiffs in this case. The undersigned further **RECOMMENDS** that the Court select a date certain after the expiration of the opt-in period and **DIRECT** counsel for the Plaintiff to hold all returned, completed opt-in forms for filing in a single pdf file on that date certain.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).