UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAIMIE HARDESTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-CV-60 |
| ) | (VARLAN/GUYTON) |
| LITTON'S MARKET AND RESTAURANT, INC., ) | |
| and BARRY N. LITTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on September 28, 2012 [Doc. 23]. The R&R considers plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law [Doc. 13] and defendants' response [Doc. 18]. The R&R recommends that plaintiff's request that this case be conditionally certified as a collective action be granted, that the time for returning notice of the collective action be set to sixty (60) days, and also recommends that certain terms appear on the notice and corresponding opt-in form. Defendants have filed objections to the R&R [Doc. 25] and plaintiff has filed a response to those objections [Doc. 28]. For the reasons set forth herein, defendants' objections [Doc. 25] are **OVERRULED** and the **R&R** is **ACCEPTED IN WHOLE**.

I.  **Standard of Review**

28 U.S.C. 636(b)(1) states that a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1). Likewise, Rule 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). As the instant matter is nondispositve, the Court will consider defendants' objections and set aside the magistrate judge's findings only if they are "clearly erroneous or contrary to law." *See Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 848 (E.D. Tenn. 2003). "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

II.  **Analysis**

A.  **The R&R**

In the R&R the magistrate judge first took up plaintiff's motion to conditionally certify a collective action [Doc. 13]. The magistrate judge found that under the lenient

2

requirement that a plaintiff be similarly situated to the employees she seeks to notify "plaintiff has made a showing sufficient to demonstrate that she and the proposed class of servers were victims of a common policy or plan that allegedly violated the law" [Doc. 23 at 7]. The magistrate judge based this conclusion upon the sworn statements of plaintiff and other servers.

As to the objection by defendants that certification should be delayed until after a determination of defendants' Motion for Summary Judgment [Doc. 20], the magistrate judge found that the "only inquiry before the Court is whether the proposed class of plaintiffs are similarly situated" [Doc. 23 at 8 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)]. Based on this reasoning, the magistrate judge found it unnecessary to consider the merits of the plaintiff's claims or resolve any factual disputes before considering whether to conditionally certify the class [*Id.* at 8-9].

The magistrate judge next examined the parties' requests and objections as to the proposed opt-in notice [Doc. 13-1]. Significantly, the magistrate judge determined that an opt-in period, the period in which parties could return the notice, of sixty (60) days was appropriate, as opposed to the ninety (90) days proposed by plaintiff and forty-five (45) days proposed by defendants [Doc. 23 at 10, ¶ 4]. The magistrate judge's changes to the notice did not include the warning proposed by defendants that plaintiffs may be responsible for paying defendants' costs incurred in the litigation [*Id.* at 4].

3

B.  Objections

In defendants' objections to the R&R [Doc. 25], defendants contend that the magistrate judge's recommendation is clearly erroneous for four reasons: 1) failure to reduce the opt-in period to forty-five days; 2) failure to include a statement in the opt-in notice that plaintiffs may be responsible for paying defendants' litigation costs; 3) failure to adequately consider the potential harm inflicted on defendants by conditional certification; and 4) failure to exercise discretion to rule on defendants' Motion for Summary Judgment [Doc. 20] prior to ruling on plaintiff's motion to certify.[1] Plaintiff filed a response to defendants' objections, asserting that none of defendants' objections has merit as each aspect of the R&R is supported by voluminous authority [Doc. 28 at 2].

After careful consideration of the R&R, defendants' objections and plaintiff's response, as well as the underlying pleadings, the Court **OVERRULES** defendants' objections and **ACCEPTS IN WHOLE** the R&R.

As to defendants' first objection, defendants contend that courts in the Sixth Circuit have found that a forty-five day opt-in period is "more efficient" than a sixty day period [Doc. 25 (citing *Heaps v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011)]. Defendants cite to other cases that have held that a period of forty-five days is reasonable [*Id.*]. However, numerous courts in the Sixth Circuit have held that a period of more than sixty days is reasonable. *See Shipes v.*

---

[1]Although defendants raise objections 3) and 4) separately, defendants only offer argument and analysis to objection 3), and, thus, the Court will consider them together as a single objection.

4

*Amurcon Corp.*, No. 10-14943, 2012 WL 1720615, at *4 (E.D. Mich. May 16, 2012) (overruling defendant's objections to a ninety day opt-in period); *Landesberg v. Action Enter., Inc.*, No. C2-005-500, 2008 WL 2468868, at *1 (S.D. Ohio June 16, 2008) (approving ninety day period); *Miller v. Jackson*, No. 3:10-1078, 2011 WL 2197694, at *3 (M.D. Tenn. June 6, 2011) (finding seventy-five day period appropriate). Whether the given opt-in period is the most efficient or is reasonable depends in large part upon the circumstances of each case. Defendants have not presented any evidence to suggest that, in this case, sixty days is a clearly erroneous opt-in period. Accordingly, this first objection is **OVERRULED**.

As to the second objection, defendants cite to cases where courts concluded that language in the opt-in notice of the possibility of being held responsible for paying defendants' litigation costs was appropriate [Doc. 25 at 5 (citing *Heaps,* 2011 WL 1325207 at *8)]. The reasoning behind this conclusion is that the possibility of having to pay litigation costs is one of the factors needed for a potential plaintiff to make an informed decision about whether to join a suit. However, numerous other courts have found such language not only to be unnecessary, but also that it has the potential to confuse would-be plaintiffs and discourage them from joining the suit. Those courts declined to include such cost language in the relevant opt-in notices for those cases. *See Avila v. Northport Car Wash*, 774 F. Supp. 2d 450, 456 (E.D.N.Y. 2011) (finding such language "unnecessary and potentially confusing" (internal quotations omitted)); *Marshall v. Amsted Indus., Inc.*, No. 10-cv-11-MJR-CJP, 2010 WL 2901743, at *2 (S.D.

Ill. July 21, 2010) (rejecting cost language and placing burden on counsel to "satisfy their ethical obligations to their clients" by informing them of possible court costs); *Alexander v. CYDCOR, Inc.*, 1:11-cv-1578-SCJ, 2012 WL 1142449, (N.D. Ga. Apr. 6, 2012) (rejecting defendant's request for inclusion of cost language); *Chapman v. Hy-Vee, Inc.*, No. 10-CV-6128-W-HFS, 2012 WL 1067736, at *4 (W.D. Mo. Mar. 29, 2012) (same). Defendants have presented no Sixth Circuit precedent or any set of unique factual circumstances that would make the magistrate judge's decision clearly erroneous. Thus, this objection is **OVERRULED**.

Defendants finally contend that the magistrate judge should not have conditionally certified the class prior to the Court's disposition of defendants' motion for summary judgment. In support of this objection, as defendants argued in the underlying pleadings, defendants submit that they will suffer "inevitable" and "indisputable" harm if notices are sent to potential class members prior to the Court's disposition on the motion for summary judgment [Doc. 25 at 5]. However, defendants have not provided any evidence that such harm would occur beyond speculation as to the impact a collective action may have on employee morale. Moreover, as defendants themselves have conceded, defendants have provided no authority for the idea that the possibilities of such harm occurring outweigh the policy goals behind the conditional certification of collective actions. *See Hoffman-La Roche*, 493 U.S. 165, 170 (1989) (noting that collective actions gives plaintiffs the ability to "lower individual costs to vindicate [their] rights"). Courts in this circuit have declined to delay conditional certification even in light of pending

6

dispositive motions. *See Wade v. Werner*, No. 2:10-CV-270, 2012 WL 3583441 (S.D. Ohio Aug. 20, 2012) (deferring ruling on motion for summary judgment while granting plaintiff's motion for conditional certification). *See generally Brasfield v. Source Broadband Serv., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009) (noting that at the preliminary certification stage "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Swigart*, 276 F.R.D. at 214 (S.D. Ohio 2011) (same); *Creely v. HCR Manocare, Inc.*, 789 F. Supp. 2d 819, 826 (N.D. Ohio 2011) (same). There is no need to determine whether plaintiffs have presented a genuine dispute as to a material fact on the merits at this time in order to grant a motion for conditional certification.

Defendants have not provided adequate reason to delay conditional certification of a collective action, nor have they shown that the magistrate judge committed clear error by recommending conditional certification prior to this Court's disposition of defendants' motion for summary judgment. These objections are **OVERRULED**.

Accordingly, for the reasons stated herein, the Court agrees with the magistrate judge and finds that plaintiff's action should be conditionally certified. The R&R [Doc. 23] is **ACCEPTED IN WHOLE** and defendants' objections are **OVERRULED**. Pursuant to the R&R, plaintiff's motion [Doc. 13] is **GRANTED** to the extent that the case is hereby conditionally certified as a collective action. It is **ORDERED** that the notice and opt-in form sent to potential plaintiffs reflect the changes set forth in the R&R. It is further **ORDERED** that defendants shall provide to counsel for plaintiff the names

7

and addresses of all persons who are potential plaintiffs in this case within **five (5) days** of the date of this Order. Counsel for plaintiff is **DIRECTED** to file all completed and returned opt-in forms with the Court as a single "pdf" file within **seven (7) days** of the expiration of the sixty (60) day opt-in period.

    IT IS SO ORDERED.

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE