UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAIMIE HARDESTY, ANGELA BEDORE, GINA FRANKLIN, CHELSEY GORDON, MELISSA HARDIN, KRISTIE HARTMAN, MARISSA ISBILL, and TOLSON VAUGHN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:12-CV-60 (VARLAN/GUYTON) |
| LITTON'S MARKET AND RESTAURANT, INC., and BARRY N. LITTON, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil case is before the Court on defendants' Motion for Summary Judgment [Doc. 20] and accompanying Memorandum [Doc 21] in which defendants seek dismissal of plaintiffs' Fair Labor Standards Act ("FLSA") claims alleging improper tip practices and other similar violations of the statute. Plaintiff Jaimie Hardesty ("Hardesty") submitted a response [Doc. 27] opposing the motion based on the need for more discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[1] After additional discovery was taken, Hardesty submitted a second response [Doc. 39]. Defendants have not submitted any reply brief and the time for doing so has passed. *See*

---

[1] Subsequent to defendant's motion and Hardesty's response, this Court issued an Order [Doc. 31] conditionally certifying the case as a collective action under FLSA, after which several of Hardesty's former co-workers joined suit as plaintiffs [Doc. 43]. For purposes of the present motion, the Court applies the same analysis to each plaintiff in this case.

E.D. Tenn. L.R. 7.1(a). For the reasons stated herein, defendants' motion [Doc. 20] will be denied.

## I. Background

This dispute centers on the tipping practices and procedures of defendant Litton's Market and Restaurant, Inc. ("Litton's"), where Hardesty worked as a server from October 2009 through November 2011. As a server, Hardesty's primary responsibilities included serving food and drinks to Litton's customers [Doc. 21-2 at ¶ 6]. Servers at Litton's are paid the hourly minimum tipped wage of $2.13, as well as tips. Defendants also take a "tip credit," meaning that they credit a portion of its employees' tips against their minimum wage obligations [*Id.*]. From this combination of wages paid directly by defendants and the tip credit, defendants meet the federally mandated minimum hourly wage of $7.25 [Doc. 21 at 8]. Defendants also maintain a tip pooling arrangement in which all servers contribute roughly 2% of their tips to a tip pool, which is subsequently distributed to hosts and hostesses as well as to "counter personnel," those who take carry-out orders and serve as cashiers [*Id.* at 4].

In February 2012, Hardesty filed the complaint in this case [Doc. 1], alleging that while she was employed as a server defendants improperly retained a portion of servers' tips because they paid employees who were not eligible to receive payment from the tip pooling arrangement, or non-tipped employees [*Id.* at ¶ 34]. In doing so, defendants lost their ability to take the "tip credit" under FLSA and were thus required to pay Hardesty and the other servers the full minimum wage. Because defendants continued to only pay

2

$2.13 per hour, Hardesty claims that defendants violated FLSA and the Tennessee Wage Regulation Act ("TWRA") [*Id.* at ¶¶ 56, 61] and that she and all those in her position during that time period are entitled to those lost wages.

After defendants filed the present motion, Hardesty requested that the Court defer ruling on the merits of the motion because of outstanding discovery requests which prohibited her from properly responding to defendant's motion. In an Order entered December 11, 2012, the Court deferred ruling on defendants' motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and gave Hardesty additional time to receive the requested discovery documents [Doc. 32]. The Court issued a similar Order on February 22, 2013, again deferring consideration of defendant's motion but instructing Hardesty to file the appropriate motion to compel disclosure of certain handwritten records which Hardesty alleged were necessary for a proper response to defendant's motion [Doc. 40]. Hardesty then filed a motion to compel [Doc. 41], alleging that defendants were withholding certain handwritten records regarding who participated in defendants' tip pool. The Court denied Hardesty's motion, however, finding that any such handwritten records were no longer in defendants' possession or control and that an order for the production of such documents would exceed the Court's authority under Rule 34 of the Federal Rules of Civil Procedure [Doc. 46 at 3.]. The Court will now consider defendants' motion on the merits.

3

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the

evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Analysis

#### A. Position of the Parties

In support of their motion for summary judgment, defendants outline the operation of the tip pool at Litton's, arguing that because Hardesty cannot show evidence of an invalid tip pool or that defendants' use of the tip credit was otherwise improper, the case should be dismissed [Doc. 21 at 5-7]. Defendants submit that "the allegations in the Complaint are unsupported speculation" and assert that their tipping practices fully comply with FLSA [*Id.*]. Defendants request that the Court find as a matter of law that defendants have created and maintained a proper tip pool. Defendants further argue that Hardesty cannot show that any of the tip pool recipients were ineligible to receive distributions.

In response, Hardesty argues that summary judgment is inappropriate because there is a genuine issue of material fact as to whether defendants complied with FLSA's requirements in order to be eligible to take a tip credit. Hardesty contends that

5

defendants have the burden of showing that they were eligible to take a tip credit in order to be exempt from having to pay the full minimum wage and have not met that burden, specifically failing to show that they gave notice of the tip credit to Hardesty and other employees. Hardesty also argues that factual issues remain as to whether defendants impermissibly used portions of servers' tips to improperly pay the wages of employees who did not otherwise receive tips from customers.[2]

### B. Tip Credits Under FLSA

FLSA generally sets forth the provisions for a minimum wage. *Kilgore v. Outback Steakhouse of Fla.*, 160 F. 3d 294, 297 (6th Cir. 1998) (citing 29 U.S.C. § 206)). Section 203(m) of FLSA allows employers to pay less than the minimum wage to those employees who receive tips through the tip credit mechanism, which allows employers to include an employee's tips in calculating the employee's wage. *Id.* However, the statute imposes conditions for those employers who wish to use a tip credit, stating in relevant part:

> The preceding [two] sentences [establishing the tip credit] shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

---

[2] Hardesty's response also discusses the continued need for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. However, in light of the Court's Order denying Hardesty's motion to compel [Doc. 46], and upon the Court's review of the record in this case, plaintiff has received the discovery necessary to respond to defendants' motion and the Court is able to render a decision on the motion.

6

29 U.S.C.203(m).

From this language, the *Kilgore* Court concluded that the statute required employers to inform an employee that it intended to treat trips as satisfying its minimum wage obligations by providing notice. *Kilgore*, 160 F.3d at 298 (citing *Martin v. Tango's Rest.*, 969 F.2d 1319, 1322 (1st Cir. 1992)) (holding that "an employer must provide notice to the employees, but need not necessarily 'explain' the tip credit"); *see also Driver v. AppleIllinois, LLC*, No. 06 C 6149, --- F. Supp. 2d. ---, 2013 WL 85364, at *7 (N.D. Ill. Jan. 8, 2013) (denying summary judgment where there was disputed issue of fact as to whether defendants gave employees sufficient notice to satisfy § 203(m)); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 288 (S.D.N.Y. 2011) (noting that the notice requirement had been "strictly construed" in granting summary judgment to plaintiffs for defendants' failure to give adequate notice); *Bernal v. Vankar Enters., Inc.*, 579 F. Supp. 2d 804, 809 (W.D. Tex. 2008) (granting plaintiff's motion for summary judgment where defendant presented no evidence that it gave notice to employees).[3] The *Kilgore* court found that while the defendant restaurant in that case had shown adequate notice as to one set of plaintiffs, through several documents given to employees informing them of the restaurant's tip policy, a genuine issue of material fact existed as to another set of plaintiffs who submitted affidavits saying they did not receive any documents explaining the tip policy. 160 F. 3d at 300.

---

[3] The regulations corresponding to FLSA similarly indicate that employers must provide notice of the provisions of § 203(m) in advance of any use of the tip credit. 29 C.F.R. § 531.59.

Defendants in this case submitted the affidavit of defendant Barry Litton in support of their motion for summary judgment, in which Litton describes the various roles of servers, hostesses, and counter personnel at the restaurant, explaining which employees receive a distribution from the tip pool and, similarly, for which employees defendants take a tip credit [Doc. 21-1 ¶¶ 6-9]. However, Litton does not discuss whether any of defendants' employees received notice of defendants' tip credit as required by § 203(m), and, specifically, whether Hardesty ever received the requisite notice. Hardesty, in turn, submitted an affidavit stating that she never received notice of either § 203(m)'s provisions or defendants' intent to take the tip credit [Doc. 39-3 ¶ 9]. Like the defendant in *Kilgore*, then, defendants here have not shown that they were entitled to take any tip credit, which would prohibit them from using a tip pool with regards to their employees, as notice is a pre-requisite for use of a tip credit under § 203(m). *Kilgore*, 160 F.3d at 298. Defendants' failure to show they provided such notice to Hardesty precludes them from meeting their burden of showing that there is no genuine issue of material fact as to whether their tip practices were valid under FLSA. Accordingly, defendants' motion [Doc. 20] will be denied.

## IV. Conclusion

For the reasons discussed herein, defendants' motion [Doc. 20] is hereby **DENIED**.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      CHIEF UNITED STATES DISTRICT JUDGE